FARAH LAW, P.C.
Neda Farah (SBN 269819)
265 S. Doheny Drive, Suite 102
Beverly Hills, California 90211
Telephone: (310) 666-3786
Facsimile: (310) 494-0768
Email: neda@nedafarahlaw.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREMY SIMMS,<br><br>Plaintiff,<br><br>v.<br><br>DEBT RESOLUTION CENTERS INC. d/b/a MONEY MATTERS AMERICA,<br><br>Defendant. | Case No. 4:24-cv-3848-YGR<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**2. INVASION OF PRIVACY**<br><br>**3. TRESPASS TO CHATTELS**<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED COMPLAINT

NOW COMES Plaintiff, JEREMY SIMMS ("Plaintiff"), by and through his attorneys, Farah Law, P.C., complaining as to the conduct of DEBT RESOLUTION CENTERS INC. d/b/a MONEY MATTERS AMERICA ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. § 227 *et seq.*, as well as for Invasion of Privacy ("IOP"), and Trespass to Chattels ("TTC"), for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant transacts business in the Northern District of California and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of California.

## PARTIES

4. Plaintiff is a consumer over 18 years-of-age residing in Mendocino County, California, which is located within the Northern District of California.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

6. Defendant provides debt resolution services.[1] Defendant regularly uses the telephone to solicit consumers across the United States, including those residing within the state of California. Defendant is organized under the laws of the state of California, with its principal place of business and registered agent – Mohamed Hegazi, located at 9920 Research Drive, Irvine, California 92618.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

9. In early 2024, Plaintiff began receiving calls to his cellular phone, (707) XXX-5988, from Defendant.

[1] https://www.debtresolutioncenters.com/

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -5988. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. During certain answered calls, Plaintiff has been greeted by an artificial and/or automated voice message asking him to hold before being connected with one of Defendant's representatives.

12. Upon speaking with Defendant's representatives, Plaintiff was solicited into enrolling in Defendant's debt resolution program.

13. Plaintiff advised Defendant's representatives that he was not interested in its services and demanded that Defendant stop calling him.

14. Plaintiff was confused as to why Defendant was contacting him, considering the fact that Plaintiff never consented to receive Defendant's phone calls, nor was Plaintiff interested in obtaining debt resolution services.

15. Yet, Defendant's representatives were persistent in their solicitation efforts toward Plaintiff.

16. Plaintiff has even reiterated his requests that Defendant stop calling him during subsequent phone calls, including on or about May 31, 2024, June 11, 2024, and June 12, 2024.

17. Despite Plaintiff's numerous demands and efforts, Defendant has continued to place systematic phone calls to Plaintiff's cellular phone through the filing of this lawsuit.

18. In sum, Defendant has placed over seventy (70) phone calls to Plaintiff's cellular phone.

19. Defendant has also placed multiple calls to Plaintiff's cellular phone during the same day, even after being told to stop calling.

20. Defendant has used various phone numbers when placing calls to Plaintiff's cellular phone, including but not limited to: (415) 594-1914, (415) 594-1909, (415) 594-1883, (415) 594-1922, (951) 546-1917, (209) 657-2198, (209) 657-2294.

21. Upon information and belief, the aforementioned phone numbers are regularly utilized by Defendant during its solicitation activity.

22. Due to Defendant's relentless conduct, Plaintiff was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

23. Due to Defendant's conduct, Plaintiff is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other companies from engaging in the unlawful solicitation practices described in this Complaint, *supra*.

24. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

25. Plaintiff has suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies solicitation telephone calls, emotional distress, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

26. Plaintiff repeats and realleges paragraphs 1 through 25 as though fully set forth herein.

27. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or an artificial *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

28. Defendant employed pre-recorded messages when placing calls to Plaintiff's cellular phone. Upon answering many of Defendant's calls, Plaintiff was subjected to an artificial and/or pre-recorded voice prompting him to hold for the next available representative.

29. Defendant also used an ATDS to placed calls to Plaintiff's cellular phone, as his phone number was never uploaded into any list, and Defendant simply used a random number generator to dial his number.

30. Defendant violated the TCPA by placing at least 70 phone calls to Plaintiff's cellular phone without Plaintiff's consent. Plaintiff did not have any business relationship with Defendant nor did he grant it permission to call his cellular phone. Even still, Plaintiff demanded that Defendant stop calling him on multiple occasions, thus revoking any hypothetical consent that Defendant *may* have had.

31. The calls placed by Defendant to Plaintiff were solicitation phone calls and not for emergency purposes as defined by the TCPA under 47 U.S.C. § 227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C). Not only did Defendant lack permission to call Plaintiff, but Plaintiff repeatedly notified Defendant to stop calling. Armed with this information, Defendant still willfully chose to continue its barrage of calls to Plaintiff's cellular phone.

WHEREFORE, Plaintiff, JEREMY SIMMS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Defendant, through its barrage of communications, especially after Plaintiff informed it of its harassing nature, has repeatedly and intentionally invaded Plaintiff's privacy.

35. Defendant's unsolicited harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's overall focus, and continually frustrated and annoyed Plaintiff to the point where Plaintiff was denied the ability to quietly enjoy his life, instead having it upended by Defendant's unlawful efforts to solicit him.

36. Defendant's intrusive and persistent efforts eliminated the peace and solitude that Plaintiff would have otherwise had in his home and/or any other location in which he would have normally brought his cellular phone.

37. Plaintiff even told Defendant to stop contacting him on a handful of occasions, but Defendant gave Plaintiff no reasonable escape from its calling campaign. Defendant's relentless solicitation efforts and tactics would be considered highly offensive to any reasonable person.

38. As pled in paragraphs 22 through 25, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JEREMY SIMMS, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT III-TRESPASS TO CHATTELS**

39. Plaintiff restates and realleges paragraphs 1 through 38 as though fully set forth herein.

40. Trespass to Chattels is defined as the intentional interference with the possession, or physical condition of a chattel in the possession of another, without justification. Prosser, Torts, 64 (2d ed.).

41. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.*, 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

42. Courts have applied this tort theory to unwanted telephone calls. *See Czech v. Wall St. on Demand*, 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.*, 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

43. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

44. Defendant interfered with Plaintiff's ability to use his cellular phone while in his possession. Defendant knew or should have known that its phone calls were not welcomed, as not only did Defendant lack permission to contact Plaintiff in the first place, but Plaintiff explicitly informed on multiple occasions that he did not wish to receive any more phone calls. Yet, Defendant consciously chose to continuously interfere with Plaintiff's cellular device, with the ultimate goal of harassing him into submission.

45. As pled in paragraphs 22 through 25, *supra*, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, JEREMY SIMMS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff reasonable attorney's fees and costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 20, 2024

Respectfully submitted,

By: /s/ *Neda Farah*
Neda Farah, Esq.
**FARAH LAW, P.C.**
265 S. Doheny Drive, Suite 102
Beverly Hills, CA 90211
Telephone: 310-666-3786
Facsimile: (310) 494-0768
Email: neda@nedafarahlaw.com